UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY L. CLEMENS,<br>    Plaintiff,<br><br>v.<br><br>W. MICHAEL STEWART, et al.,<br>    Defendants. | M.B.D. No. 22-mc-91155-LTS |

ORDER

April 20, 2022

SOROKIN, J.

On April 6, 2022, Jeffrey l. Clemens, submitted for filing a *pro se* complaint accompanied by a statement certifying that his claim has merit. See Docket Nos. 1, 2. The pleadings are before the undersigned as the miscellaneous business docket judge pursuant to a previously entered injunction requiring him to take certain steps before bringing suit against certain enumerated defendants and entities. *Clemens v. Town of Scituate et al.*, Civ. No. 13-11598-FDS, Order of Injunction (Docket No. 71). The Order of Injunction states:

> For good cause shown, and for the reasons set forth in the Court's Order dated June 16, 2014, plaintiff Jeffrey Clemens is hereby enjoined from filing further lawsuits in this Court, without first obtaining leave of Court, against the following individuals or entities: Stephen C. Pfaff; the Town of Scituate, Massachusetts; Shelly Laveroni; Jerry Laveroni; Ralph I. Sozio; John C. Rooney; Timothy Goyette; Jeannette M. Langlois; Ronald F. Moynahan; Richard Linehan; Daniel S. Morrison; or Trident Insurance Services Agency of New England, Inc. that arise from or relate to the arrest of Clemens on May 12, 2005, or any of the following actions: *Commonwealth v. Clemens*, 0558-CR-000954; *Commonwealth v. Clemens*, 0558-CR-001191; *Commonwealth v. Clemens*, 0558-CR-001192; *Clemens v. Town of Scituate*, 09-cv-11821-WGY; *Clemens v. Town of Scituate, et al.*, 07-cv-10845-RGS; *Clemens v. Town of Scituate, et al.*, 13-cv-11598-FDS; *Clemens v. United States Marshals Service*, 13-cv-13084-WGY; or *United States v. Clemens*, 10-cr-10124-DPW. If Clemens seeks to file any complaint or lawsuit against such an individual or entity concerning the identified matters, except filings in currently

>pending actions or an appeal from this Order, he must file a written petition seeking leave to do so. The petition must contain a copy of this Order, together with the papers sought to be filed, and a certification under oath that there is a good-faith basis for the filing. The Clerk of Court shall accept the documents, mark them received, and forward them, for action on the petition to a judge of this Court authorized to act on matters on the Miscellaneous Business Docket of the Court. A copy of this Order shall be distributed to the Clerk of Court and to the session of each district judge. Any failure to comply with these requirements may result in additional sanctions, including monetary fines and punishments for contempt of court.

*Id.*, Order of Injunction, (Docket No. 71).  This order was affirmed by the First Circuit. *Id.*, June 19, 2017, First Circuit Judgment, (Docket No. 81) ("After our own careful consideration of the record and the submissions of the parties, we conclude that the district court did not abuse its discretion or otherwise err by entering the subject order, which, as required, is narrowly drawn to counter the specific offending conduct and does not improperly preclude access to the courts with respect to unrelated matters.") (citations and quotations omitted).

In the statement accompanying the complaint, Clemens correctly points out that "all material events in the subject complaint occurred subsequent to the subject injunction order and do NOT involve the plaintiff's arrest on May 12, 2005." Docket No. 2.  In fact, the three individual defendants named in the complaint (W. Michael Stewart, Amanda O'Shea, and Andrew Quigley) were not identified in the injunction.  In this action, Plaintiff alleges he was arrested on August 17, 2017, and thereafter prosecuted in the courts of the Commonwealth of Massachusetts which prosecution resulted in an acquittal.  He claims the arrest and prosecution were the result of the actions of the Defendants he sues and that their actions were in violation of his rights under the United States Constitution.

Accordingly, the clerk shall (1) open a new civil action with a filing date of April 6, 2022,

(2) randomly assign a judicial officer, and (3) close this action.

              SO ORDERED.

               /s/ Leo T. Sorokin
              Leo T. Sorokin
              United States District Judge